UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Enrique Navarro,

Plaintiff,

vs.

United States of America,

Defendants.

Civil File No. 01-618 MJD/FLN

**REPORT AND RECOMMENDATION**

---

Plaintiff Enrique Navarro, *Pro Se*.
Patricia R. Cangemi, Assistant United States Attorney, for the United States.

---

**THIS MATTER** is before the Court on Plaintiff Navarro's Motion for Summary Judgment [# 22], and has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed below, the Court recommends that Plaintiff's motion for Summary Judgment be denied.

## I. BACKGROUND

Plaintiff, Enrique Navarro ("Navarro", or "Plaintiff") a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, commenced this action by filing a Complaint in the U.S. District Court for the Western District of Wisconsin, seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. (See Complaint.) The Plaintiff seeks money damages arising from the loss or deprivation of his personal property during and inter-prison transfer by officers with the Federal Bureau of Prisons ("BOP"). (Id.) Navarro claims a loss valued at $208.75. Navarro exhausted his administrative remedies, and received final agency denial of claim on July 13, 2000,



MA: 1 7 2002
FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

pursuant to 28 CFR § 14.9. The Wisconsin Court denied the Defendant's Motion for Dismissal for Lack of Subject Matter Jurisdiction, but ordered the case transferred to this District. ( See Order, Docket #11.) On December 19, 2001 the District Court also denied Plaintiff's Motion for Default Judgment. (Id.)

The events that give rise to this action concern Navarro's original incarceration at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). (See Complaint.) Additional information regarding the facts of this claim are contained in the Report and Recommendation filed previously in this case, Enrique Navarro v. United States of America, Civil File No. 01-618 MJD/FLN (November 30, 2001)(Docket #19) , which is incorporated herein by reference. Defendant now brings this Motion for Summary Judgment on the grounds that no genuine issue of material fact exist pertaining to the lost property.

## II. STANDARD OF REVIEW

When considering a motion for summary judgment, the Court must determine whether there are any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). When there is no reasonable construction of the facts that would allow the nonmoving party to prevail, the remedy of summary judgment is appropriate. Matsushita, 475 U.S. at 587-88. The role of the court is not to weigh the evidence, but to determine whether, as a matter of law, a genuine factual conflict exists. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). In making this determination, the court is required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences that can be drawn from the facts. Id.

If a motion for summary judgment is properly supported by affidavits or other evidence, the nonmoving party must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324; Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc., 824 F.2d 582, 585 (8th Cir. 1987), cert. denied, 484 U.S. 1010 (1988). The nonmoving party may not merely rest upon the allegations or denials in his pleadings. Id.

The Court is mindful that pro se pleadings should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); White v. Bond, 720 F.2d 1002, 1003 (8th Cir. 1983). Therefore, pro se pleadings are held to less stringent standards when challenged by motions to dismiss or for summary judgment. Haines, 404 U.S. at 520; Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Nonetheless, a pro se plaintiff's claim cannot survive a motion for summary judgment unless, in some form, he can fairly be said to have set forth specific facts demonstrating that there is a genuine issue for trial. Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020, 1023, (8th Cir.), cert. denied, 469 U.S. 841 (1984).

## III. DISCUSSION

### A. Plaintiff is not Entitled to Summary Judgment

As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute. See U.S. v. Mitchell, 445 U.S. 535, 538 (1980); Affiliated Ute Citizens of Utah v. U.S., 406 U.S. 128, 141 (1972). The terms of any such consent define the extent of a plaintiff's rights and of the Court's jurisdiction to entertain an action. See Lehman v. Nakashian, 453 U.S. 156, 160 (1981). Therefore, in granting its consent to be sued, the United States may attach such conditions and limitations as it deems proper, and strict compliance with those conditions is an absolute requirement. See Bellecourt, 994 F.2d at 430.

Furthermore, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." U.S. v. Mitchell, 445 U.S. at 538 (quoting U.S. v. King, 395 U.S. 1, 4 (1969)); Manypenny v. U.S., 948 F.2d 1057, 1063 (8th Cir. 1991). A waiver of immunity, "if it exists at all, should be sought in the statute giving rise to a cause of action." Murray v. U.S., 686 F.2d 1320, 1325 (8th Cir. 1982). Accordingly, waivers of sovereign immunity are subject to strict construction. See Honda v. Clark, 386 U.S. 484, 501 (1967); U.S. v. New York Rayon Importing Co., 329 U.S. 654, 659 (1947). As a consequence, in construing the terms and conditions of the Government's waiver of immunity from suit, "all doubts must be resolved in favor of the government." Palmer v. General Services Admin., 787 F.2d 300, 301 (8th Cir. 1986).

The FTCA is a limited waiver of sovereign immunity which requires compliance with the statutory conditions imposed by Congress, Bellecourt, 994 F.2d at 430, which are to be construed narrowly. In order to bring a tort claim against the United States under the FTCA, a claimant must first file an administrative claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency. See 28 U.S.C. §§ 2401(b), 2675. Additionally, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States. See 28 U.S.C. §§ 1346(b), 2674, 2679(a); Atorie Air, Inc. v. F.A.A., 942 F.2d 954, 957 (5th Cir.1991) (noting that to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant).

The purpose of the FTCA is to compensate private parties for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the government while acting in the scope of his or her office of employment. See 28 U.S.C. §§ 1356(b), 2674. The FTCA is only

a limited relinquishment of sovereign immunity, however, and specific exceptions to this general waiver of immunity can be found at 28 U.S.C. § 2680(a)-(n). The Plaintiff's claim falls within § 2680(c), which states:

> The provisions of this chapter and § 1346(b) of the title shall not apply to –
> (c) Any claim arising in respect of assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

See § 2680(c). See also Cheney v. U.S., 972 F.2d 247 (8th Cir. 1992) (the exception to a waiver of sovereign immunity in the FTCA for claims arising from detention of goods or merchandise by law enforcement officers extends to damage claims resulting from negligent handling of detained property).

The question for determination before this Court is whether Plaintiff's claim falls within the aforementioned exception. For this exception to apply in the instant case, the Government must prove that: (1) Plaintiff's claim arose from a detention; (2) the detained objects must have been the "goods, merchandise or other property"; (3) the detention must have been conducted by a "law enforcement officer"; and (4) the detention must have been of the kind envisioned by the statute. See Kosak v. U.S., 465 U.S. 848, 854 (1983).

In light of the forgoing, we conclude that Plaintiff's claim is exempted from the FTCA. First, Plaintiff's claims arise as the result of negligent handling and/or storage of his detained property by the BOP, therefore it is clear that his alleged loss arises out of a detention. See Kosak, 465 U.S. at 854 (defining "arising in respect of" to mean any claim arising out of the detention of goods, merchandise, or property including a claim resulting from the negligent handling of detained property). Second, Plaintiff's claimed items include personal hygiene items, thermal shirt and pants,

socks and XXX magazines, and as such, his claim clearly involves "goods, merchandise or other property." [1]

Third, with respect to whether BOP officials are "federal law enforcement officers" within the meaning of 2680(c), an examination of the Eighth Circuit's interpretation of the limitation on the United States' waiver of sovereign immunity under the FTCA reveals that the issue has not yet been decided. There is some evidence to suggest that the FTCA has been applied to a broader range of officers than merely to customs or tax officers in this Circuit. See, e.g., U.S. v. Lewis, 987 F.2d 1349 (8th Cir. 1993) (undercover government agents included); see also Cheney v. U.S., 972 F.2d 247 (8th Cir. 1992) (federal drug task force agents included). Furthermore, several other courts interpreting § 2680(c) have refused to limit the scope of § 2680(c) to law enforcement officers acting in a customs or tax capacity. See Formula One Motors, Ltd. v. U.S., 777 F.2d 822 (2d Cir.1985) (applying the section to bar FTCA actions involving detention of goods by federal narcotics agents); U.S. v. 1500 Cases, More or Less, 249 F.2d 382 (7th Cir.1957) (applying the section to bar FTCA actions involving detention of goods by Food and Drug Administration agents); U.S. v. Lockheed L-188 Aircraft, 656 F.2d 390 (9th Cir.1979) (applying the section to bar FTCA actions involving seizure of an airplane by Federal Aviation Administration officials); U.S. v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1490-91 (10th Cir.) (applying the section to bar FTCA actions involving

---

[1] The government also argues that there are certain items which cannot be transferred from institution to institution, such as magazines, thermal underwear and excess property. Many other items cannot be transferred at government expense, such as lotions and shampoos. However, even if these items could be transferred there is a genuine issue of material fact that the items claimed were ever in Plaintiff's possession because they do not appeared on an Inmate Personal Property Record Form, or commissary purchase inventories and thus Summary Judgment should be precluded.

detention of goods by Department of Agriculture agents); Schleaebitz v. U.S., 924 F.2d 193, 194 (11th Cir.1991) (applying the section to bar FTCA actions involving seizure of luggage by US Marshal); See Ysasi v. Rivkind, 856 F.2d 1520, 1524-25 (Fed. Cir. 1988) (applying the section to bar FTCA actions involving detention of goods by BOP officials); Halverson v. U.S., 972 F.2d 654, 656 (5th Cir. 1992) (applying the section to bar FTCA actions involving seizure by any federal law enforcement officers in the performance of their lawful duties).

Finally, the loss of personal property by the BOP officers is just the kind of claim encompassed within § 2680(c)'s purview. Consequently, construing the pleadings in the light most favorable to Plaintiff, this Court concludes that Summary Judgment in this action pursuant to Rule 56(c) is proper. In light of the foregoing, we conclude that § 2680(c) exempts from the FTCA's waiver of sovereign immunity any claim based on the detention of goods by BOP officers in the performance of their lawful duties and recommend Plaintiff's Motion for Summary Judgment be denied.

## IV. RECOMMENDATION

Based upon the above, and upon all files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

B. Plaintiff's Motion for Summary Judgment [#21] be **DENIED**.

DATED: May 17, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.